**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MITCHELL BOSTIC, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 1:17-cv-330 ) |
| PLENTYOFFISH MEDIA ULC and DOES 1-20, | ) ) ) ) |
| Defendants. | ) |

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

Now comes the Plaintiff, MITCHELL BOSTIC, by and through his attorneys, and brings this class action complaint against Defendants, PLENTYOFFISH MEDIA ULC and DOES 1-20, on behalf of himself and a class and sub-class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In support thereof, Plaintiff alleges and states as follows:

**INTRODUCTION**

1. Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* (the "EFTA"), and the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, *et seq.*, (the "CSPA").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and the putative Class members' bank accounts on a recurring basis, without proper authorization, thereby violating the EFTA and its accompanying regulations, and the CSPA. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon

1

information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. §§ 1331 and 1367, and 15 U.S.C. § 1693m(g).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because Plaintiff resides within this District, Defendant does or transacts business within this District, and/or a material portion of the events at issue occurred in this District

## PARTIES

5. Plaintiff, MITCHELL BOSTIC ("Plaintiff"), is a natural person who was at all relevant times residing in Maple Heights, Cuyahoga County, Ohio.

6. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1693a(6).

7. Plaintiff is also a "consumer," as defined by Ohio Rev. Code § 1345.01(D).

8. On information and belief, Defendant PLENTYOFFISH MEDIA ULC ("Defendant") is a Canadian unlimited liability company, which is not licensed to do business in Ohio, and whose principal place of business is located at 1529 Pender Street West, North Vancouver, British Columbia, Canada.

9. Defendant is a "supplier," as defined by Ohio Rev. Code § 1345.01(C).

10. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

12. Prior to November of 2015, Plaintiff had an upgraded, premium membership (the "membership") on Defendant's online dating service website.

13. For the membership, Plaintiff paid Defendant $38.70 on a bi-monthly basis, which was automatically deducted from Plaintiff's PayPal account (the "account").

14. Plaintiff's PayPal account was tied to Plaintiff's checking account with Bank of America, such that each payment made by Plaintiff to Defendant was actually paid from said checking account.

15. During or about November of 2015, Plaintiff cancelled the membership with Defendant.

16. Despite Plaintiff's cancellation of the membership, Defendant continued to deduct funds from Plaintiff's account multiple times on a reoccurring basis, without Plaintiff's consent or authorization.

17. Subsequent to Plaintiff's cancellation of the membership, and despite Plaintiff's clear revocation of authorization, Defendant has withdrawn payments from Plaintiff's account in

the amount of $38.70 each on the following dates: January 9, 2016; March 9, 2016; May 9, 2016; July 9, 2016; September 9, 2016; November 9, 2016; and January 9, 2017.

18. On or about January 11, 2016, when Plaintiff became aware of Defendant's first withdrawal from his account after his cancellation of the membership, Plaintiff filed a complaint against Defendant with the Better Business Bureau of Mainland British Columbia (the "BBB"), case number 1276653.

19. On information and belief, or about January 11, 2016, the BBB mailed a letter to Defendant's corporate office address, informing Defendant of Plaintiff's BBB complaint. On information and belief, said letter notified Defendant that Plaintiff had cancelled the membership, but Defendant was still withdrawing funds from Plaintiff's account.

20. On information and belief, or about January 27, 2016, the BBB mailed a second letter to Defendant's corporate office address, again informing Defendant of Plaintiff's BBB complaint. On information and belief, said letter again notified Defendant that Plaintiff had cancelled the membership, but Defendant was still withdrawing funds from Plaintiff's account.

21. After Plaintiff's cancellation of the membership, Plaintiff never provided Defendant with any authorization to deduct these sums of money from Plaintiff's banking account.

22. Further, Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these recurring or automatic payments, subsequent to the date of Plaintiff's cancellation of the membership.

23. Plaintiff alleges such activity to be in violation of the EFTA and its surrounding regulations, including, but not limited to, 12 C.F.R. §§ 1005.7, 1005.8 and/or 1005.9. Plaintiff also alleges such activity to be in violation of the CSPA.

## **CLASS ALLEGATIONS**

24. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (the "Class") defined as follows: All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants after Defendants received a cancellation request for their memberships, for a period dating back one year prior to the filing of this Complaint.

25. Plaintiff also brings this action on behalf of himself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class") defined as follows: All persons in the State of Ohio whose bank accounts were debited on a reoccurring basis by Defendants after Defendants received a cancellation request for their memberships, for a period dating back two years prior to the filing of this Complaint.

26. Plaintiff represents, and is a member of, the Class, consisting of all persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants after Defendants received a cancellation request for their memberships, for a period dating back one year prior to the filing of this Complaint.

27. Plaintiff represents, and is a member of, the Sub-Class, consisting of all persons in the State of Ohio whose bank accounts were debited on a reoccurring basis by Defendants after Defendants received a cancellation request for their memberships, for a period dating back two years prior to the filing of this Complaint.

28. Defendants, their employees and agents are excluded from the Class and the Sub-Class. Plaintiff does not know the number of members in the Class and the Sub-Class, but believes the Class and the Sub-Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

29. The Class and the Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class and the Sub-Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and the Sub-Class include hundreds, if not thousands, of members. Plaintiff alleges that the Class and the Sub-Class members may be ascertained by the records maintained by Defendants.

30. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class and the Sub-Class are so numerous that joinder of the Class and the Sub-Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.

31. There are questions of law and fact common to the Class and the Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class and the Sub-Class predominate over questions which may affect individual Class or Sub-Class members and include, but are not necessarily limited to, the following:

   a. Whether the Class members' bank accounts were debited on a reoccurring basis by Defendants on or after Defendants received a cancellation request for their memberships, for a period dating back one year prior to the filing of this Complaint;

   b. Whether the Sub-Class members' bank accounts were debited on a reoccurring basis by Defendants on or after Defendants received a cancellation request for their memberships, for a period dating back two years prior to the filing of this Complaint; and

   c. Whether Defendants required written confirmation of the membership

cancellations and refused to honor oral cancellation requests for electronic fund transfers, as is permitted under 15 U.S.C. § 1693e(a) and 12 C.F.R. § 205.10(c)(1).

32. As a resident of the United States and the State of Ohio whose bank account was debited on a reoccurring basis by Defendants on January 9, 2016, March 9, 2016, May 9, 2016, July 9, 2016, September 9, 2016, November 9, 2016 and January 9, 2017, Plaintiff is asserting claims that are typical of the Class and the Sub-Class.

33. Plaintiff has no interest adverse or antagonistic to the interests of the other members of the Class or the Sub-Class.

34. Plaintiff will fairly and adequately protect the interests of the members of the Class and the Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

35. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class and Sub-Class member. Class treatment will also permit the adjudication of relatively small claims by many Class and Sub-Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

36. The prosecution of separate actions by individual Class and Sub-Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Sub-Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Sub-Class members to protect their interests.

37. Defendants have acted or refused to act in respects generally applicable to the Class and the Sub-Class, thereby making appropriate final and injunctive relief with regard to the members of the Class and the Sub-Class as a whole.

38. Defendants failed to comply with the requirements of the EFTA, 15 U.S.C. § 1693e(a), and Regulation E, 12 C.F.R. § 205.10(c)(1) as to the Class and the Sub-Class members with respect to the above-alleged transactions.

39. Defendants also failed to comply with the requirements of the CSPA, Ohio Rev. Code §§ 1345.02 and 1345.03, as to the Sub-Class members with respect to the above-alleged transactions.

40. The EFTA, 15 U.S.C. § 1693e(a), provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

41. 12 C.F.R. § 205.10(c)(1) provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer."

42. Ohio Rev. Code § 1345.02 provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the

8

transaction."

43. Ohio Rev. Code § 1345.03 provides that "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

44. In multiple instances, Defendants debited bank accounts of the Class and the Sub-Class members on a recurring basis after the consumer requested to stop payments of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer in violation of the EFTA, 15 U.S.C. § 1693e(a), and Regulation E, 12 C.F.R. § 205.10(c)(1), and in violation of the CSPA, Ohio Rev. Code §§ 1345.02 and 1345.03.

45. The size and definition of the Class and the Sub-Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I
## VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. § 1693, *et seq.*

46. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 45 above as if fully reiterated herein.

47. The EFTA, 15 U.S.C. §1693e(a), provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

48. Section 205.10(c)(1) of Regulation E, 12 C.F.R. § 205.10(c)(1), provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before

the scheduled date of the transfer."

49. In multiple instances, Defendants debited bank accounts of the Class and the Sub-Class members on a recurring basis after the consumers requested to stop payments of preauthorized electronic fund transfers from the consumers' accounts by notifying the financial institutions orally or in writing at least three business days before the scheduled date of the transfers, in violation of the EFTA, 15 U.S.C. § 1693e(a), and Regulation E, 12 C.F.R. § 205.10(c)(1).

## COUNT II
### VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT
### OHIO REV. CODE § 1345.01, *et seq.*

50. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 49 above as if fully reiterated herein.

51. Plaintiff's membership with Defendant was a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

52. Defendants' actions and omissions as described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03 and the substantive rules promulgated under the CSPA.

53. Defendants knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

    a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as Class and Sub-Class Counsel;

c. An order requiring Defendants, at its own cost, to notify all Class and Sub-Class Members of the unlawful, unfair, deceptive and unconscionable conduct herein;

d. Actual damages suffered as a result of Defendants' violations of the EFTA, pursuant to 15 U.S.C. § 1693m(a)(1);

e. $1,000 in statutory damages for each of Defendants' violations of the EFTA, pursuant to 15 U.S.C. § 1692m(a)(2)(A);

f. Actual economic and noneconomic damages suffered as a result of Defendants' violations of the CSPA, pursuant to Ohio Rev. Code § 1345.09(A);

g. Three times the amount of each individual Sub-Class member's actual economic damages, or two hundred dollars, whichever is greater, plus noneconomic damages suffered as a result of Defendants' violations of the CSPA, pursuant to Ohio Rev. Code § 1345.09(B);

h. Witness fees, court costs and other litigation costs;

i. Reasonable attorneys' fees incurred in this action, pursuant to 15 U.S.C. § 1693m(a)(3) and Ohio Rev. Code § 1345.09(F)(2);

j. Pre- judgment and post-judgment interest; and

k. All other relief, general or special, legal or equitable, to which Plaintiff, the Class and the Sub-Class Members may be justly entitled as deemed by the Court.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the trebling of any damages pursuant to Ohio Rev. Code § 1345.09, and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

MITCHELL BOSTIC

By:     /s/ David B. Levin
       Attorney for Plaintiffs
       Ohio Attorney No. 0059340
       Law Offices of Todd M. Friedman, P.C.
       111 West Jackson Blvd., Suite 1700
       Chicago, IL 60604
       Phone: (312) 212-4355
       Fax: (866) 633-0228
       dlevin@toddflaw.com